IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT WALKER, LEE NATHAN and LEWIS FITE, | ) ) ) Case No. |
| Plaintiffs, | ) ) Judge ) |
| v. | ) Magistrate Judge ) |
| WHOLESALE, INC., KEVIN BARBER and STEVE BREWSTER, | ) Jury Demand ) ) |
| Defendants. | ) ) |

## COMPLAINT

For their Complaint against defendants Wholesale, Inc. ("Wholesale"), Kevin Barber ("Barber") and Steve Brewster ("Brewster"), plaintiffs Robert Walker, Lee Nathan and Lewis Fite ("plaintiffs") state:

### PARTIES

1. Plaintiffs Walker and Nathan are former employees of defendant Wholesale. Plaintiff Fite is a current employee of defendant Wholesale.

2. Defendant Wholesale is a Tennessee corporation with its principal place of business in Mt. Juliet, Tennessee. Defendant Wholesale operates a wholesale and retail automobile sales business within the Middle District of Tennessee. At all relevant times, defendant Wholesale employed more than 15 individuals, including plaintiffs. Defendant Wholesale may be served with process through its registered agent, Steve Brewster, 8037 Eastgate Boulevard, Mt. Juliet, Tennessee 37122.

3. Defendant Barber is a management employee of defendant Wholesale. Defendant Barber may be served with process at Wholesale, Inc., 8037 Eastgate Boulevard, Mt. Juliet, Tennessee 37122.

4. Defendant Brewster is the owner of defendant Wholesale. Defendant Brewster may be served with process at Wholesale, Inc., 8037 Eastgate Boulevard, Mt. Juliet, Tennessee 37122.

## JURISDICTION AND VENUE

5. This is an action for damages and equitable relief for unlawful employment practices brought under 42 U.S.C. § 1981 ("Section 1981") and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq.* ("THRA"). The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

6. Plaintiffs have filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and will request Notices of Right to Sue ("Notices") from the EEOC. Plaintiffs will seek permission to amend their Complaint to assert claims arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, once they receive their Notices.

## FACTS

7. Plaintiffs Walker and Nathan were employed with defendant Wholesale, and plaintiff Fite is employed with defendant Wholesale. Each plaintiff is African-American.

8. Plaintiffs were each qualified for their jobs with defendant and performed their jobs in an excellent manner.

9. Defendants discharged plaintiffs Walker and Nathan because of their race.

10. Defendants failed and refused to promote plaintiff Fite to an available Finance and Insurance Manager position he sought and for which he was more qualified than the Caucasian individual selected for the job because of his race.

11. Throughout plaintiffs' employment, defendants discriminated against them and treated them differently in the terms, conditions and privileges of employment than similarly situated, non-African-American employees because of their race.

12. Following their discharges, defendants replaced plaintiffs Walker and Nathan with non-African-American individuals.

13. Defendants' alleged reasons for discharging plaintiffs Walker and Nathan and for failing to promote plaintiff Fite are pretexts for discrimination.

14. During plaintiffs' employment, defendants allowed and failed to remedy a racially hostile work environment that altered plaintiffs' working conditions. Throughout their employment, plaintiffs were repeatedly subjected to unwelcome, objectively and subjectively offensive racially discriminatory statements and conduct by Caucasian managerial agents of defendants.

15. Defendants discriminated against plaintiffs because of their race in violation of Section 1981 and the THRA.

16. Plaintiff Fite reported, opposed and refused to remain silent about racially discriminatory statements and conduct in defendants' workplace. Defendants retaliated against him for doing so.

17. Defendants Barber and Brewster aided, abetted, incited, compelled and/or commanded persons, including those employed by them and the defendant company they controlled, to engage in discriminatory and retaliatory practices.

18. As a direct result of defendants' actions, plaintiffs have suffered damages.

19. As a result of their actions, defendants are liable to plaintiffs in an amount to be determined by the jury for the damages plaintiffs have incurred.

20. As a result of their actions, defendants are liable for punitive damages and for plaintiffs' attorneys' fees.

21. As a result of their actions, defendants are obligated to make plaintiffs whole for all lost earnings and benefits.

## Claims for Race Discrimination, Racially Hostile Work Environment, and Retaliation in Violation of Federal and Tennessee Law
### (Against All Defendants)

22. Plaintiffs hereby incorporate and reallege the factual averments as set forth in paragraphs 1 through 21 herein.

23. Defendants discriminated against plaintiffs in the terms, conditions and privileges of their employment, refused to promote plaintiff Fite and discharged plaintiffs Walker and Nathan from their employment because of their race, in violation of Section 1981 and the THRA.

24. Defendants allowed and failed to remedy a racially hostile work environment that altered plaintiffs' working conditions in violation of Section 1981 and the THRA.

25. Defendants retaliated against plaintiff Fite for reporting, opposing and refusing to remain silent about racially discriminatory conduct in violation of Section 1981 and the THRA.

26. Defendants Barber and Brewster aided, abetted, incited, compelled and/or commanded persons, including those employed by them and the defendant company they

controlled, to engage in discriminatory and retaliatory practices in violation of Tenn. Code Ann. § 4-21-102 and § 4-21-301. Defendants Barber and Brewster are thus individually liable to plaintiffs under the THRA and Section 1981.

27. As a result of their actions, defendants are liable to plaintiffs in an amount to be determined by the jury for the damages plaintiffs have incurred as well as for punitive damages.

28. As a result of their actions, defendants are liable for plaintiffs' attorneys' fees.

29. As a result of their actions, defendants are obligated to reinstate plaintiffs Walker and Nathan and to instate plaintiff Fite to the Finance and Insurance Manager position he sought, and to make plaintiffs whole for all lost earnings and benefits.

**WHEREFORE,** premises considered, plaintiffs demand the following relief:

1. A jury trial and entry of judgment in their favor;

2. Back pay and damages for lost benefits;

3. Compensatory damages for embarrassment and humiliation, emotional pain and suffering and mental anguish, stress and anxiety, inconvenience, and loss of enjoyment of life;

4. Instatement, reinstatement or, alternatively, front pay and damages for lost benefits;

5. Punitive damages;

6. Attorneys' fees and expenses;

7. Prejudgment interest and, if applicable, post judgment interest; and

8. Such other and further legal or equitable relief to which they may be entitled.

Respectfully submitted,

Stephen W. Grace, (BPR No. 14867)
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225

Douglas B. Janney III (BPR No. 19112)
2002 Richard Jones Road
Suite B-200
Nashville, Tennessee 37215
(615) 742-5900

Attorneys for Plaintiff